United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, <br> Plaintiff, <br> v. <br> PETRA MARTINEZ, et al., <br> Defendants. | Case No. 5:19-cv-02388-EJD <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 12 |

On May 29, 2019, the court remanded this action to state court for lack of federal subject matter jurisdiction. *See* Dkt. No. 10. Presently before the court is a Motion for Reconsideration of Remand of Action to State Court filed by Defendants Petra Martinez and Stanley Atkinson ("Defendants"). Dkt. No. 12. Defendants argue that federal subject matter jurisdiction applies to their action because the parties are diverse and the amount in controversy alleged by Defendants is over $750,000, exceeding the $75,000 minimum to meet this standard. For the reasons stated in the previous order and expanded below, Defendants' motion will be denied.

Removal by a defendant is proper where the federal courts would have had original jurisdiction over an action filed in state court. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions either presenting a federal question, or where diversity of citizenship exists and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §§ 1331, 1332(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992).

Here, Defendants' removal is based on diversity jurisdiction. Defendants allege they are citizens of the State of California and Plaintiff, Bank of New York Mellon as Trustee, is a citizen of the State of New York ("Plaintiff"). New York is the location of Plaintiff's principal place of

Case No.: 5:19-cv-02388-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
1

business and incorporation. Defendants insist that the amount in controversy is met because if they were to prevail, the amount owed to them "would be above $750,000 dollars." Dkt. No. 12 at 3. However, as mentioned previously, the complaint in this action states that the amount in controversy does not exceed $10,000. Dkt. No. 1, Ex. 1. Moreover, Defendants have not established how they arrived at the $750,000 figure, nor is it apparent in their pleadings. Unlawful detainer actions are pure matters of state law and "are strictly within the province of state court." *McGee v. Seagraves*, No. 60-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006); *see also Deutsche Bank Nat'l Trust Co. v. Leonardo*, No. CV 11-3979 PSG (AJWx), 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Thus, because neither federal question nor diversity exists, the court lacks subject matter jurisdiction and remand is proper.

Lastly, as citizens of this state, Defendants are prohibited from removing this action to this court given the New York Plaintiff has brought this action to them in California. 28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

The district court may raise a question of subject matter jurisdiction at any time. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012). Thus, the court concludes, for the same reasons articulated in the court's prior order remanding this case, that it lacks subject matter jurisdiction over this unlawful detainer action and the case must be remanded to state court. The motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: June 5, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-02388-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
2